Hall v. Muggeridge.

---

### Eleanor C. Hall v. Maria Muggeridge, Executrix.

103    593|
r202s  326|

1. PRACTICE—*When Continuance Will Not be Granted.*—Plaintiff had the deposition of her principal witness, who resided in Wisconsin, taken in Chicago, and afterward refused to pay what the notary demanded. She then attempted to have the deposition again taken in Wisconsin, but failed to receive it in time for the trial. *Held*, that a continuance should not be granted upon an affidavit which fails to show

what amount was claimed by the Chicago notary, or that it was more than she was able to pay. Whatever amount he demanded she might have paid, under protest, and thus procured the filing of the deposition, and thereafter, by direct action of the court in which the cause was pending, or otherwise, compelled him to refund whatever sum he had wrongfully exacted.

**Claim in Probate.**—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed October 24, 1902.

Eleanor C. Hall having filed her claim in the Probate Court of Cook County against the estate of Elizabeth C. Hale, the same being disputed, was, December 14, 1899, allowed to the extent of $550. From such order of allow ance she appealed to the Circuit Court. Pending such appeal, it was agreed between her and the executrix of said estate that the deposition of George Kelly, a resident of Mineral Point, Wisconsin, might be taken in Chicago. Accordingly, October 29, 1900, a dedimus was issued to William J. Farwell of Chicago to take the deposition of said Kelly. December 27, 1900, in pursuance of the aforesaid agreement the deposition of said Kelly was taken in Chicago before William J. Farwell. Thereafter a dispute arose between Farwell and appellant as to the amount to which he was by law entitled for taking said deposition and he refused to file the same with the clerk of the Circuit Court, unless paid the amount demanded by him. Upon such refusal appellant at once served notice on said Farwell and applied to the Circuit Court for a rule on Farwell " to file said deposition in court upon being paid or tendered the fees allowed by law for taking said deposition." This motion was heard February 16, 1901, and denied by the court. Thereupon upon the same day appellant served notice upon the defendant that she would sue out a dedimus to take the deposition of said Kelly at Mineral Point, Wisconsin, upon written interrogatories; and on the 26th day of February a dedimus was issued and forwarded to the notary public at Mineral Point, Wisconsin, with directions to take and return said deposition at the

Hall v. Muggeridge.

earliest possible moment. Appellant also had a subpœna served upon one T. F. McNulty to attend as a witness upon the trial of said cause. March 6, 1901, the cause for the first time was reached for trial, whereupon appellant moved for a continuance on account of the absence of "testimony;" showing the efforts which she had made to obtain the deposition of said Kelly and other witnesses and what she expected to prove by said Kelly, also what she expected to prove by T. F. McNulty, Simon Strauss, Frank Allen and Mrs. Elizabeth Moody, upon three of whom there had been an unsuccessful attempt to serve subpœnas. The defendant offered to admit that said witness Elizabeth Moody, if present, would testify as alleged in the affidavit relating to her testimony. But the court having heard said affidavit and seen the subpœnas, denied the said motion and refused to continue the said cause. Thereupon the appeal of said Eleanor C. Hall from the judgment in her favor of $550 was dismissed, from which order refusing to continue the cause and dismissing the appeal, this appeal is prosecuted.

GEO. W. HALL, attorney for appellant.

ARCHIBALD CATTELL, attorney for appellee; GEO. P. CARY, of counsel.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Appellant urges that she made every possible effort to obtain the deposition of George Kelly, her principal witness. We do not agree with this contention. What amount was by her tendered to Farwell for his fees is not shown. All that appears is, that appellant tendered the full amount which she understood he was allowed by law for taking the deposition of Kelly. Nor does it appear that upon the application by her made for a rule by the Circuit Court upon Farwell to file said deposition, the court was informed what amount she had tendered Farwell. Nor does it appear that the amount claimed by Farwell was more than she was able to pay. Whatever amount he demanded she

might have paid, under protest, and thus procured the filing of the deposition, and thereafter, by direct action of the court in which the cause was pending, or otherwise, compelled Farwell to refund whatever sum he had wrongfully exacted. It may be, that had the Circuit Court been informed as to the amount which appellant says she tendered Farwell, it would have ordered him to bring the deposition into court that it might determine whether he had been offered the fees to which he was lawfully entitled in the matter, and if such were found to be the case, have required the same to be filed instanter. As it was, so far as appears, all the court had to act upon, was the opinion of appellant that she had tendered to Farwell his lawful fees. It is not contended that without the deposition of Kelly appellant could have made out a case. The failure to have his deposition in court being entirely her fault, the court properly refused to continue the cause and dismissed her claim.

The judgment of the Circuit Court is affirmed.